# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

August 30, 2012

**Before**

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3142

SALADIN ABDEL JAWAD,

|  |  |  |
|---|---|---|
| | *Petitioner*, | Petition for Review of a Final Order of the Board of Immigration Appeals |
| *v.* | | No.  A076 785 120. |

ERIC H. HOLDER, JR., Attorney General
of the United States,

*Respondent.*

**O R D E R**

On consideration of the Petition for  Rehearing filed by the Petitioner on August 24, 2012, all members of the original panel have voted to deny the petition.

In his petition for rehearing, Jawad asserts that the proper period for evaluating the question of good moral character is the 10 years preceding the adjudication of an application for cancellation of removal, not the 10 years immediately preceding the service of the charging documents, as page 7, line 3 of the opinion in this case says. Jawad is correct. The error in the opinion is, however, harmless. Jawad's marriage fraud continued through his testimony before the Immigration Judge and the adjudication of the request for cancellation of removal, and so in his case it does not matter which period is used. In addition, Jawad did not raise this point

in his petition for review, and so that was not an issue before the panel.

We therefore order that the carryover sentence from the bottom of page 6 to the top of page 7 be stricken, and that it be replaced with the following one:

> Similarly, Jawad's request for cancellation of removal under § 249A(b) required the IJ to determine whether Jawad "has been a person of good moral character" during the 10 years immediately preceding the adjudication of his application for cancellation of removal.

With that change, the petition for rehearing is **DENIED**.